UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOLPHUS LEROY WRIGHT AND SANDRA WRIGHT** | **CIVIL ACTION** |
| **VERSUS** | |
| **BROWN JORDAN INTERNATIONAL, INC., ET AL** | **NO. 10-123-C-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, April 16, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DOLPHUS LEROY WRIGHT AND SANDRA WRIGHT | CIVIL ACTION |
| VERSUS | |
| BROWN JORDAN INTERNATIONAL, INC., ET AL | NO. 10-123-C-M2 |

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Remand (R. Doc. 5) filed by plaintiffs, Dolphus Leroy Wright and Sandra Wright (collectively "plaintiffs"). One of the removing defendants, Wal-Mart Stores, Inc. ("Wal-Mart"), has filed a response (R. Doc. 11) to plaintiffs' remand motion.

## FACTS & PROCEDURAL BACKGROUND

This suit arises out of personal injuries sustained by plaintiff, Dolphus Leroy Wright, when a chair, which was part of a patio set purchased from Wal-Mart and manufactured and/or distributed by Brown Jordan International, Inc. ("Brown Jordan") and/or Meredith Corporation ("Meredith") and/or Arden Corporation ("Arden"), collapsed causing him to fall through the bottom of the chair. Plaintiffs filed suit against Wal-Mart, Brown Jordan, Meredith, and Arden on January 19, 2010, in the 21st Judicial District Court, Parish of Livingston, State of Louisiana. Wal-Mart was served with a copy of the plaintiffs' petition, through its agent for service of process, on January 26, 2010.[1] According to the certified

---

[1] *See,* Exhibit B to the Notice of Removal.

1

mail "green cards" submitted with plaintiffs' motion, Brown Jordan, Meredith, and Arden were served, pursuant to the Louisiana Long-Arm Statute via certified mail, on January 29, 2010, February 1, 2010, and February 3, 2010 respectively. A copy of the Affidavit of Service relating to service upon Brown Jordan, Meredith, and Arden was filed into the suit record of the 21st Judicial District Court on February 17, 2010. *See*, Exhibit 1 to plaintiffs' motion.

On February 19, 2010, Wal-Mart, Brown Jordan, and Meredith ("the removing defendants") removed plaintiffs' suit to this Court on the basis of diversity jurisdiction. In the Notice of Removal, the removing defendants stated that Brown Jordan and Meredith were served, pursuant to the Long-Arm Statute via certified mail, on or about February 12, 2010, and that Arden had not yet been served as of the time of removal but that it consented to the removal. Plaintiffs have now filed the present motion, seeking remand to state court on the ground that removal in this case was procedurally defective since Arden did not formally file a written consent to removal into the record within thirty (30) days of removal.

## **LAW & ANALYSIS**

Section 1446(b) of the removal statute provides that, "[t]he petition for removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based, or within thirty days after . . . the case . . . has become removable." 28 U.S.C. §1446(b). The Fifth Circuit Court of Appeals has held that, in order to comply with the requirements of §1446, all served defendants must join in the removal petition filed prior to the expiration of the removal period. *Gillis v. Louisiana*, 294 F.3d 755, 559 (5th Cir.

2002), citing *Getty Oil v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262, n. 9 (5th Cir. 1988). This rule simply requires that there be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action." *Getty Oil*, at 1262, n. 11. Such written consent to removal must be filed into the record within thirty (30) days of service on the first served defendant.

One of the removing defendants, Wal-Mart, has filed a response to plaintiffs' remand motion, wherein it concurs with plaintiffs that the removal of this action was procedurally deficient and that remand is appropriate. In that response, Wal-Mart explains that, on February 18, 2010, prior to filing the notice of removal, counsel for Wal-Mart contacted the Clerk of Court for the 21st Judicial District Court, who confirmed that there was no indication in the record that service had been made upon Arden at that time. Wal-Mart's counsel also indicates that counsel for Arden was contacted, and it was confirmed that Arden had not yet been served with plaintiffs' petition and citation. According to Wal-Mart's counsel, counsel for Arden consented to the removal at that time but declined to formally join in the removal because Arden had not yet been served. As a result, the removing defendants filed the notice of removal with this Court on February 19, 2010. Considering the Affidavit of Service that plaintiffs have filed with their present motion, however, Wal-Mart now concedes that removal was procedurally improper because Arden had, in fact, been served at the time that the removal notice was filed, and it did not join in the removal. Wal-Mart nevertheless states that the removing defendants were in good faith in their belief that Arden had not been served at the time of removal based upon the discussions with the 21st Judicial District Court Clerk and counsel for Arden mentioned above. Thus, in light of Wal-

3

Mart's concession that removal was improper and considering the evidence before the Court indicating same, it is recommended that this matter be remanded to the 21st Judicial District Court for further proceedings. Because the removing defendants appear to have been in good faith in their decision to remove and since the plaintiffs have not requested an award of the attorney's fees and expenses incurred in connection with removal, no such award is recommended herein.

## RECOMMENDATION

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 5) filed by plaintiffs, Dolphus Leroy Wright and Sandra Wright, should be **GRANTED**, and this matter should be **REMANDED** to the 21st Judicial District Court, Parish of Livingston, for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, April 16, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**